IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LINDA DIANE OVERTON | ) | |
| | ) | |
| v. | ) | No. 3:16-1484 |
| | ) | |
| NANCY A. BERRYHILL | ) | |
|     Acting Commissioner of | ) | |
|     Social Security[1] | | |

To: The Honorable Aleta A. Trauger, District Judge

## **R E P O R T  A N D  R E C O M M E N D A T I O N**

Plaintiff filed this action on June 21, 2016, seeking judicial review of the administrative denial of social security benefits. Defendant subsequently filed an answer and the administrative record. (Docket Nos. 11, 12). By Order entered October 11, 2016 (the "October 11 Order") (Docket No. 13), the Court gave Plaintiff thirty (30) days to file a motion for judgment on the record and an accompanying memorandum. Plaintiff failed to do so, and has not filed any motion or made any other type of filing since entry of the October 11 Order.[2]

On January 3, 2017, Defendant filed a motion to show cause why Plaintiff's complaint should not be dismissed for failure to prosecute (Docket No. 16). The Court granted this motion, and by Order entered January 11, 2017 (the "January 11 Order") (Docket No. 17), Plaintiff was given until February 13, 2017 to file a motion for judgment on the administrative record and/or a response to the motion to show cause. In the January 11 Order, the Court warned Plaintiff that if she did not file her motion for judgment on the administrative record or otherwise show cause

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] The Court's October 11 Order was mailed to Plaintiff by certified mail and claimed by Plaintiff. *See* Docket No. 15. However, since that time, certified mail sent to Plaintiff has been returned as unclaimed. *See* Docket Nos. 22 and 23.

why her action should not be dismissed by February 13, 2017, her case could be dismissed for failure to comply with the Court's Orders and for failure to prosecute in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not filed a motion for judgment on the administrative record, nor has she filed a response showing cause why her action should not be dismissed. As noted, a certified mail return receipt shows that Plaintiff received the October 11 Order, but more recent certified mailings to Plaintiff have been returned as unclaimed, including the Court's January 11 Order (Docket No. 22).

It is well-established that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1961). Fed. R. Civ. P. 41(b) allows the Court to dismiss an action for the "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff.[3] *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff has had ample time to prosecute this case. By her acknowledged receipt of the October 11 Order (*see* Docket No. 15), Plaintiff was notified of her obligation to file a motion for judgment on the record within thirty days, which she failed to do. Return of the most recent certified mailings to Plaintiff (Docket Nos. 22 and 23) suggests that either Plaintiff is not claiming certified mail or she has moved. Neither of those circumstances compels a different outcome. If Plaintiff has not moved and is simply not claiming certified mail, she is deliberately disregarding the Court's orders, which warrants dismissal. If Plaintiff has moved, she did not

---

[3] Dismissals pursuant to Rule 41(b) may be accomplished by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

notify the Court of her change of address, which would be another instance of her failure to timely prosecute this action, thus warranting dismissal. Either way, Plaintiff's case is properly dismissed.[4]

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully recommends that this action be DISMISSED for Plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff by certified mail **and** by first class mail.

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[4] Even if Plaintiff did not receive the January 11 Order, this Report and Recommendation affords notice to Plaintiff that her case may be dismissed and provides her with an opportunity for response. If Plaintiff contests dismissal of her case, she may file a timely objection to this Report and Recommendation.